UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SASHA MCGARITY,

    Plaintiff,                    CIVIL ACTION NO. 19-cv-11316

    v.                            DISTRICT JUDGE BERNARD A. FRIEDMAN

BIRMINGHAM PUBLIC         MAGISTRATE JUDGE MONA K. MAJZOUB
SCHOOLS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Default Final Judgment (ECF No. 21) be **DENIED**.

**II.    REPORT**

Plaintiff Sasha McGarity, proceeding *pro se*, initiated this employment discrimination action against Defendant Birmingham Public Schools on May 6, 2019.  (ECF No. 1.)  Defendant filed an Answer to Plaintiff's Complaint on June 12, 2019.  (ECF No. 12.)  On July 1, 2019 and July 9, 2019, Plaintiff filed Requests for a Clerk's Entry of Default.  (ECF Nos. 15, 17, 19.)  The Clerk denied these Requests on July 2, 2019 and July 9, 2019, respectively, because Defendant had already filed an Answer to the Complaint.  (ECF Nos. 16, 20.)

Plaintiff also filed the instant Motion for Default Final Judgment on July 9, 2019.  (ECF No. 21.)  Plaintiff moves for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), claiming that Defendant "has not been responsive . . . in these proceedings by certified

mail, U.S. first class mail, electronically, or by any other means." (ECF No. 21, PageID.67.) While not explicitly stated, Plaintiff appears to seek default judgment on the basis that Defendant did not respond to the Complaint.

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The Rule provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once a default has been entered, the proponent may file for default judgment by the clerk or by the court. Fed. R. Civ. P. 55(b). Only after a party has obtained a default pursuant to Rule 55(a) may she obtain a default judgment pursuant to Rule 55(b). *Heard v. Caruso*, 351 F. App'x 1, 15-16 (6th Cir. 2009).

Plaintiff's Motion fails on procedural and substantive grounds under Rule 55. First, the court cannot grant a motion for default judgment until a default has been entered by the clerk. *See* Fed. R. Civ. P. 55; E.D. Mich. LR 55.1; *Heard, supra*. No default has been entered in this case. Moreover, as the Court informed Plaintiff at the Scheduling Conference, entry of a default and default judgment is not warranted because Defendant filed an Answer to the Complaint on June 12, 2019. Accordingly, Plaintiff's Motion for Default Final Judgment (ECF No. 21) should be denied.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991);

*U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 30, 2019        s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: October 30, 2019        s/ Leanne Hosking
                               Case Manager

3