UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SASHA TRIESTE MCGARITY,

      Plaintiff,                             Civil Action No. 19-CV-11316

vs.                                     HON. BERNARD A. FRIEDMAN

BIRMINGHAM PUBLIC SCHOOLS,

      Defendant.

_____/

**OPINION AND ORDER ACCEPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,**
**AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

           This matter is presently before the Court on cross motions for summary judgment

[docket entries 37 and 55] and on plaintiff's motion for leave to amend the complaint [docket

entry 75]. Magistrate Judge David R. Grand has issued a report and recommendation ("R&R")

in which he recommends that the Court deny plaintiff's summary judgment motion and grant

defendant's summary judgment motion. Plaintiff has filed objections to the R&R. The Court

has reviewed the parties' motion papers, the R&R, and plaintiff's objections. For the reasons

stated below, the Court shall reject plaintiff's objections, accept the R&R, deny plaintiff's

motion for summary judgment, grant defendant's motion for summary judgment, and deny

plaintiff's motion for leave to amend the complaint.

           This is an employment discrimination action in which plaintiff alleges that her

employer, defendant Birmingham Public Schools, discriminated against her based on her race,

thereby violating her rights under Title VII of the Civil Rights Act of 1964 and the Fair Labor

Standards Act ("FLSA"), when it discharged her in January 2019 from her position as a

probationary paraprofessional.  She also claims that defendant retaliated against her for requesting a union representative at her termination hearing and for making various complaints and comments.  Additionally, plaintiff claims that defendant subjected her to a hostile work environment.  The magistrate judge concluded that summary judgment should be granted for defendant on plaintiff's discrimination and retaliation claims because no jury could find that defendant's nondiscriminatory explanation for discharging plaintiff was a pretext for race discrimination.  The magistrate judge also recommended that summary judgment be granted for defendant on plaintiff's hostile work environment claim because plaintiff has presented no evidence that she was ever subjected to such an environment based on her race.

Plaintiff has filed objections to the R&R.  The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  Objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. Mich. LR 72.1(d)(1).  The Court need not address objections that simply restate arguments the objecting party presented before the magistrate judge because such objections "fail to identify the specific errors in the magistrate judge's proposed recommendations."  *Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (citation omitted).  Further,

> [o]nly those objections that are specific are entitled to de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304

2

F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

*Rogers v. Ricks*, No. 20-12100, 2020 WL 6305072, at *1 (E.D. Mich. Oct. 28, 2020).

In the present case, plaintiff has filed nineteen pages of objections (along with Exhibits A through P), but these objections and exhibits simply rehash the arguments she presented previously and do not explain how the magistrate judge erred in presenting the facts or analyzing the legal issues.  Other "objections" plaintiff makes are not objections at all but simply statements of the facts as she believes them to be.  *See, e.g.,* Pl.'s  Objection 11:  "In October, Weiss texted McGarity and asked if she wanted to donate money for flowers for Theys because her brother had passed.  McGarity replied, yes.  The Plaintiff brought the money into the LRC room.  Theys was absent for a short time."  Further, plaintiff's statement that the magistrate judge "ma[de] it clear that his decision is based upon the law and only the law," Pl.'s Obj. at 1, is hardly a basis for rejecting the R&R.

In short, plaintiff's objections are not sufficiently specific or substantive to constitute proper objections under Fed. R. Civ. P. 72, and therefore the Court declines to review them.  Nonetheless, as noted above, the Court has independently reviewed the parties' motion papers and finds that the magistrate judge's R&R thoroughly, accurately, and fairly presents all of the relevant facts and analyzes them, as plaintiff acknowledges, "based upon the law." Defendant is entitled to summary judgment because no reasonable jury could find in plaintiff's

favor on any of her claims.  Plaintiff was discharged because she refused to interact and communicate with the teachers she was hired to support and for disregarding the principal's specific instructions that she meet with these teachers to resolve this critical issue.  There is not a shred of record evidence to suggest that plaintiff's race or her engagement in any protected activity played any role whatsoever in defendant's decision to discharge her.  Nor is there a shred of evidence to suggest that plaintiff was subjected to a hostile work environment or that her rights under the FLSA were violated.  In fact, the Court finds that plaintiff's case is so lacking in factual or legal support as to be frivolous and sanctionable under Fed. R. Civ. P. 11 and *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) (permitting an award of attorney fees against a non-prevailing Title VII plaintiff "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith").  However, because the magistrate judge denied defendant's motion to sanction plaintiff and defendant has not objected to that order, this issue is moot unless overturned on appeal.

Plaintiff also seeks leave to amend her complaint.  Her motion states in relevant part:

> 4. McGarity erroneously used FLSA when it should be NLSA, National Labor Relations Act for her claims.
>
> 5. McGarity failed to add  BAP [Birmingham Association of Paraprofessionals] union as a defendant assuming BPS [Birmingham Public Schools] and BAP were one in the same.
>
> 6. McGarity would like to amend her claims for relief.  As justice so requires, an employer with 300 or more employees if found liable for discrimination receive the maximum allowable penalty.
>
> 7. McGarity has battled with BPS for about 2 years.  The courts

4

goal is to put the plaintiff in a position as if this occurrence never happened.  In light of this information, BPS unwillingness to settle, McGarity would like to increase her damages as the amended complaint entails.

8. Amended complaint is attached as an exhibit.

9. This request is not made for the purpose of delay and no prejudice will result to the Defendants by this Motion.

Pl.'s Mot. for Leave to Am. Compl. at 1-2.  The motion is not supported by a brief.  The only mention of BAP in the proposed amended complaint is that at the meeting where plaintiff was terminated, "Dalton, the union rep did not perform his due diligence in representing McGarity." Proposed Am. Compl. ¶ 19.  For relief, plaintiff requests that the Court "[e]njoin . . . BAP for unfairly representing African American Employees in accordance with National Labor Standards Act." *Id.* at 6.

While the Court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court need not give leave where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In the present case, the Court shall deny leave because of the extreme delay in bringing the motion and the futility of the proposed amendment.  As for delay, plaintiff commenced this action in May 2019.  If she had wished to sue her union, she should have done so then, not eighteen months later after the case has been vigorously litigated and it is on the verge of coming to an end. Plaintiff's only explanation for the delay, that she "erroneously used FLSA when it should be NLSA," makes no sense at all.  Plaintiff indicated in her complaint that she sought "to enforce

rights to union representation," Compl.  ¶ 1, but she neglected to name the BAP as a defendant.

Further, plaintiff's proposed claim against the BAP is futile, as plaintiff's only allegation is that the union representative "did not perform his due diligence in representing" her at the termination hearing.  A union does not violate its duty of fair representation by failing to "perform . . . due diligence."  Rather, "[a] breach of the duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith."  *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 619 (6th Cir. 2010) (citing *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)).  Plaintiff's proposed claim against the BAP makes no such allegation and is therefore futile, as it "could not withstand a motion to dismiss."  *Martin v. Assoc. Truck Lines, Inc*., 801 F.2d 246, 248 (6th Cir. 1986).

For these reasons, the Court concludes that the magistrate judge has correctly analyzed the issues in this case and that his recommendation is sound.  The Court also concludes that plaintiff should not be permitted to amend the complaint at this late date and in the manner she proposes.  Accordingly,

IT IS ORDERED that plaintiff's objections to Magistrate Judge Grand's R&R are rejected.

IT IS FURTHER ORDERED that Magistrate Judge Grand's R&R is hereby accepted and adopted as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

IT IS FURTHER ORDERED that plaintiff's motion for leave to amend the complaint is denied.

                                        s/Bernard A. Friedman
Dated: November 19, 2020                Bernard A. Friedman
       Detroit, Michigan               Senior United States District Judge

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 19, 2020.

Sasha Trieste McGarity                  s/Johnetta M. Curry-Williams
16900 E. Kennedy Drive                  Case Manager
No. 7304
Fraser, MI 48026
saskatoonbookart@gmail.com

7